```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                  :
ROBERT HOROWITZ, et al.
                                  :

     v.                           :   Civil Action No. DKC 19-2459

                                  :
BRUCE SHERMAN, et al.
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this challenge to a collections action is the motion for leave to amend filed by *pro se* Plaintiffs Cathy and Robert Horowitz (collectively, "Plaintiffs"). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for leave to amend will be denied in part and granted in part.

**I.  Background**

In November 2014, Selzer Gurvitch Rabin Wertheimer & Polott, P.C. ("Selzer") obtained a judgment against Cathy and Robert Horowitz for unpaid legal fees in the Circuit Court for Montgomery County, Maryland. An earlier memorandum opinion outlines the protracted history of Selzer's collection efforts and it need not be restated here. (*See* ECF No. 30, at 2-4). Ultimately, after Cathy and Robert Horowitz failed to comply with an appraiser order and the Circuit Court found them in contempt, the Circuit Court

issued a body attachment order for the arrest of Robert Horowitz on August 2, 2016.  Two officers with the Montgomery County Sheriff's Office ("MCSO"), Officer Kevin Brown and Officer Nelson Morales, arrested Mr. Horowitz outside his residence on August 25, 2016.

On August 26, 2019, Cathy, Robert, and Elizabeth Horowitz (collectively, the "Horowitzes") initiated the present action and filed a complaint against two Selzer attorneys, Maury S. Epner and Patrick J. Kearney, and Selzer (collectively, the "Selzer Defendants") and against seven MCSO officers, Yorgos Balaras, Kevin Brown, Robin Lewis, Peterson Pichardo, Omar Rivera, Nelson Rosales, and Bruce Sherman, and the MCSO (collectively, the "Law Enforcement Defendants").  The Horowitzes' complaint asserted four claims: (1) violation of 42 U.S.C. § 1983, alleging violations of 18 U.S.C. § 1951 and of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution (Count I); (2) violation of 42 U.S.C. § 1983, styled as a *Monell* claim (Count II); (3) violation of 42 U.S.C. § 1985 (Count III); and (4) abuse of process (Count IV).  (ECF No. 1).

On May 11, 2020, after briefing by all parties, the court granted both the motion to dismiss filed by the Law Enforcement Defendants (ECF No. 20), and the motion to dismiss filed by the Selzer Defendants (ECF No. 18).  The court concluded that the MCSO was not a legal entity subject to suit and that quasi-judicial

2

immunity barred Plaintiffs' suit, as pleaded, against Officers Balaras, Brown, Lewis, Pichardo, Rivera, Rosales, and Sherman. (ECF No. 30, at 6-11).  The court dismissed Plaintiffs' claims against the Law Enforcement Defendants with prejudice.  (ECF No. 31).   Elizabeth Horowitz, the daughter of Cathy and Robert Horowitz, brought the only remaining claims against the Selzer Defendants and the court concluded that she failed to state a claim.  (ECF No. 30, at 11-16).  The court dismissed Elizabeth Horowitz's claims against the Selzer Defendants with prejudice. (ECF No. 31).

The court also denied the Horowitzes' request for leave to amend, raised in their opposition to Defendants' motions to dismiss (ECF No. 23, at 12; ECF No. 29), and explained that their "requested amendments would be futile[]" (ECF No. 30, at 17). Nonetheless, the court allowed the Horowitzes to file another motion for leave to amend because while Robert Horowitz had not articulated a Fourth Amendment excessive force claim, he may state a claim "[i]f, in good faith, he alleges that the force used exceeded that which was reasonably necessary to effectuate his arrest[.]" (*Id.*, at 19).  Thus, the court dismissed the complaint "without prejudice as to any potential excessive force claim but with prejudice otherwise."  (ECF No. 31, ¶ 3).  Plaintiffs filed the presently pending motion for leave to amend on June 1, 2020. (ECF No. 32).  Officers Brown and Rosales and the Selzer Defendants

responded in opposition on June 29, 2020.  (ECF Nos. 33; 34).[1]  Plaintiffs replied on July 14, 2020.  (ECF No. 35).

The proposed amended complaint provides more detail about Mr. Horowitz's arrest.  It explains that Mr. Horowitz "was returning from his mailbox with his head down reading his mail." (ECF No. 32-1, ¶ 93).  Officer Brown "stopped right behind [Mr. Horowitz] and when he looked up, still holding his mail, in full view of his neighbors, [Officer] Rosales was tackling him head on and repeatedly yelling 'Horowitz you mother f---er.'" (*Id.*, ¶ 94). Officer Brown handcuffed Mr. Horowitz tightly.  (*Id.*, ¶ 95).  Mr. Horowitz "had deep bruises on his left arm and [sore] wrists from the arrest, which also triggered his . . . heart condition[.]" (*Id.*, ¶ 99).  After transporting Mr. Horowitz to the Montgomery County detention center, Officer Brown overheard Mr. Horowitz decline to state his religion and "yell[ed] very loudly . . . 'Okay Horowitz, so you don't have a religion, we'll just put down that you don't believe in G-d.'" (*Id.*, ¶ 100).

## II. Standard of Review

When, as here, the right to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed.R.Civ.P.

---

[1] The Selzer Defendants explain that they "remain dismissed from this case, with prejudice." (ECF No. 33, at 1).  They filed a response "out of an abundance of caution." (*Id.*, at 2).

4

15(a)(2).  Fed.R.Civ.P. 15(a)(2) provides that courts "should freely give lead [to amend] when justice so requires[,]" and commits the matter to the discretion of the district court.  *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).  "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).  "A proposed amendment is futile when it is 'clearly insufficient or frivolous on its face.'"  *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss."  *Save Our Sound OBX*, 914 F.3d at 228 (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

**III. Analysis**

There are several threshold issues to address.  First, although the motion for leave to amend recites that Plaintiffs seek to add Count V, (ECF No. 32), the proposed amended complaint still contains Counts I through IV of the original complaint. (*Compare* ECF No. 1, ¶¶ 32-89 *with* ECF No. 32-1, ¶¶ 32-89; *see also* ECF No. 32-2, ¶¶ 32-89).  Counts I through IV were dismissed with prejudice.  (ECF Nos. 30; 31).  To the extent Plaintiffs' motion

5

for leave to amend seeks to include these claims, the motion will be denied.

Second, Cathy and Robert Horowitz both allege an excessive force claim against Officers Brown and Rosales under 42 U.S.C. § 1983 ("Count V") in the proposed amended complaint. (ECF No. 32-1, ¶¶ 90-111). The parties agree that Officers Brown and Rosales did not seize Cathy Horowitz.[2] (ECF No. 33, at 5-6; ECF No. 35, at 6). Plaintiffs misread the court's earlier memorandum opinion as "implying that Mrs. Horowitz had potential excessive force claims[]" and argue "that spouses (and other relatives) [may] bring actions for excessive force[.]" (ECF No. 35, at 6). Plaintiffs cite three cases to argue a relative may bring an excessive force claim and each is distinguishable. First, in *Hensley v. Price*, 876 F.3d 573, 578 (4th Cir. 2017), a wife filed suit against two law enforcement officers alleging excessive force against her husband as administrator of her husband's estate. Second, in *French v. Hines*, 182 Md.App. 201, 206 (2008), a wife alleged that an officer used excessive force during her arrest and her husband alleged loss of consortium. Third, in *Robinson v. Johnson*, 975 F.Supp. 950, 951 (S.D.Tex. 1996), a mother filed suit

---

[2] "A person is seized whenever officials restrain his freedom of movement such that he is not free to leave." *Manuel v. City of Joliet*, 137 S.Ct. 911, 917 (2017) (quoting *Brendlin v. California*, 551 U.S. 249, 254 (2007) (alterations and quotation marks omitted)).

against two law enforcement officers alleging excessive force during her arrest and alleged, as representative for her daughter, loss of consortium.  Plaintiffs' motion for leave to amend to include an excessive force claim by Cathy Horowitz against Officers Brown and Rosales will be denied.

The third and final threshold issue is that the proposed amended complaint seemingly continues to challenge the validity of the appraiser order and the resultant body attachment order. (ECF No. 32-1, ¶¶ 101-110).  The court previously explained that challenges to the legality of the Circuit Court's orders are futile. (ECF No. 30, at 7-11; *id.*, at 17-19).  To the extent Plaintiffs' motion for leave to amend seeks to include challenges to the validity of the Circuit Court's orders in the proposed amended complaint, the motion will be denied.  Relatedly, Mr. Horowitz seems to argue that he would have a right to resist an unlawful arrest. (ECF No. 32-1, ¶¶ 102-05).  He is incorrect here because Officers Brown and Rosales had a valid order for body attachment.  In any event, Mr. Horowitz does not say that he resisted arrest.  Whether he would have had any right to resist Officers Brown and Rosales (had the arrest been unlawful) is beyond the scope of the current issue and complicated to resolve.  *See Sherrill v. Cunningham*, No. 18-476-JKB, 2018 WL 3533550, at *14 (D.Md. July 23, 2018) ("[A]lthough *Maryland* courts have clearly held that a person has no right to resist an illegal stop, [federal

7

courts are] not bound by a state court's interpretation of the United States Constitution. The parties have not presented the [c]ourt with any *federal* caselaw clearly holding that a person has no right to resist an illegal stop, and the [c]ourt has found none."); *but see Covington v. State*, 2018 WL 776426 (Md.App. Feb. 6, 2018) ("Although it is clear that compliance with court orders is required, and it is also clear that a person may not resist an arrest pursuant to lawful warrant, we are not persuaded that the trial court's instruction in this case, essentially informing the jury that there is no right to resist a court order, lawful or not, is an accurate statement of law.").

Having addressed these threshold issues, one issue remains for analysis. The motion for leave to amend seeks to assert an excessive force claim by Robert Horowitz against Officers Brown and Rosales, challenging the manner in which they executed the order for body attachment. (ECF No. 32-1, ¶¶ 90-111). Mr. Horowitz alleges that Officer Rosales tackled him and that Officer Brown handcuffed him tightly.³ (*Id.*, ¶¶ 92-100). Officers Brown and Rosales oppose the motion, contending that amendment would be futile because the force used against Mr. Horowitz was reasonable

---

³ Mr. Horowitz emphasizes that Officer Rosales used profane language while arresting him and that Officer Brown commented disparagingly about his religion. (ECF No. 32-1, ¶¶ 94; 100). Verbal harassment does not constitute a Fourth Amendment violation but may nonetheless be relevant evidence.

8

and therefore the proposed amended complaint fails to state a claim of excessive force. (ECF No. 33, at 6-12).

"The Fourth Amendment prohibits law enforcement officers from using excessive or unreasonable force in the course of making an arrest or otherwise seizing a person." *Betton v. Belue*, 942 F.3d 184, 191 (4th Cir. 2019). To determine whether law enforcement officers used excessive force, courts "consider the facts 'from the perspective of a reasonable officer on the scene,' without the '20/20 vision of hindsight.'" *Hupp v. Cook*, 931 F.3d 307, 321 (4th Cir. 2019) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Courts therefore "do not consider the officer's intent or motivation, [but] ask whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force[.]" *Hupp*, 931 F.3d at 321-22 (citations and quotation marks omitted). There are several factors to consider, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Pegg v. Herrnberger*, 845 F.3d 112, 120 (4th Cir. 2017) (quoting *Graham*, 490 U.S. at 396).

Officers Brown and Rosales arrested Mr. Horowitz pursuant to an order for body attachment; Mr. Horowitz did not commit a crime. According to the proposed amended complaint, Mr. Horowitz alleges that he was "unarmed in shorts and [a] tee shirt[.]" (ECF No. 32-

9

1, ¶ 97). No facts are alleged that would provide any reason to believe that Mr. Horowitz posed an immediate safety threat. Mr. Horowitz says that he did not resist arrest or attempt to evade arrest, and Officer Rosales tackled him immediately. Although Officers Brown and Rosales point to Mr. Horowitz's litigious history fighting the judgment entered against him and his wife (ECF No. 33, at 7-8), the proposed amended complaint does not unalterably articulate any basis for believing that Mr. Horowitz would physically resist or evade them and, according to the proposed amended complaint, he did not do so.

Mr. Horowitz's proposed amendment against Officer Rosales is not futile. Officer Rosales relies on *Pegg v. Herrnberger* to argue that "tackling . . . does not amount to excessive force where it is necessary to make an arrest." (ECF No. 33, at 8). Mr. Horowitz, unlike the *Pegg* plaintiff, alleges that he did not commit a crime and did not resist arrest. 845 F.3d at 120. Tackling a non-threatening, non-resisting individual to the ground does allege a Fourth Amendment excessive force claim. *See e.g. Higginbotham v. Brauer*, No. 18-1067-DKC, 2020 WL 4569520, at *7 (D.Md. Aug. 7, 2020) (collecting cases). Officer Rosales' emphasis on the purported *de minimis* nature of Mr. Horowitz's injuries does not foreclose an excessive force claim. *Smith v. Murphy*, 634 F.App'x 914, 917 (4th Cir. 2015) (explaining that "the severity of the injury resulting from the force used has always been but one

consideration in determining whether force was excessive" and "[f]inding no support for [d]efendants' contention that suffering only *de minimis* injuries bars one from asserting a Fourth Amendment excessive force claim[]") (citation and quotation marks omitted). The motion for leave to amend to include an excessive force claim against Officer Rosales will be granted.

Mr. Horowitz's proposed amendment against Officer Brown is also not futile. The proposed amended complaint alleges that Officer Brown handcuffed Mr. Horowitz tightly. The United States Court of Appeals for the Fourth Circuit "has never held that using handcuffs is *per se* reasonable." *E.W. by and through T.W. v. Dolgos*, 884 F.3d 172, 180 (4th Cir. 2018). Instead, "the Fourth Amendment requires [courts] to assess the reasonableness of using handcuffs based on the circumstances." *Id.* "A lawful arrest does not categorically legitimize [handcuffing]." *Id.* Nonetheless, "a standard procedure such as handcuffing would rarely constitute excessive force where the officers were justified . . . in effecting the underlying arrest." *Brown v. Gilmore*, 278 F.3d 362, 369 (4th Cir. 2002). Officer Brown relies on *Brown v. Gilmore* to argue that handcuffing Mr. Horowitz does not constitute excessive force but acknowledges "other courts [than the District of Maryland] within the Fourth Circuit have held that handcuffs applied too tightly can amount to excessive force in some circumstances[.]" (ECF No. 33, at 10). Mr. Horowitz's proposed

11

amendment is not futile. The motion for leave to amend to include an excessive force claim against Officer Brown will be granted.

**IV. Conclusion**

For the foregoing reasons, the motion for leave to amend will be denied in part and granted in part. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge