IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT HOROWITZ, et al.            :

                               :

     v.                           :    Civil Action No. DKC 19-2459

                               :

BRUCE SHERMAN, et al.             :

                               :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is the motion for summary judgment filed by Kevin Brown and Nelson Rosales.  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6. For the following reasons, the motion for summary judgment will be denied in part and granted in part.

**I.   Factual Background**

In November 2014, Selzer Gurvitch Rabin Wertheimer & Polott, P.C. ("Selzer") obtained a judgment against Cathy and Robert Horowitz for unpaid legal fees in the Circuit Court for Montgomery County, Maryland.  An earlier memorandum opinion outlines the protracted history of Selzer's collection efforts and it need not be restated here.  (*See* ECF No. 30, at 2-4).  Ultimately, after Cathy and Robert Horowitz failed to comply with an appraiser order and the Circuit Court found them in contempt, the Circuit Court issued a body attachment order for the arrest of Robert Horowitz

on August 2, 2016.   Two officers with the Montgomery County

Sheriff's Office ("MCSO"), Officer Kevin Brown and Officer Nelson

Morales, arrested Mr. Horowitz outside his residence on August 25,

2016.

Mr. Horowitz ("Plaintiff") alleges that Officers Brown and

Rosales (collectively, "Defendants") used excessive force when

effectuating his arrest.[1]   As alleged in the Amended Complaint,

immediately prior to his arrest, Mr. Horowitz "was returning from

his mailbox with his head down reading his mail."   (ECF No. 38,

¶ 93).   "He heard several people running toward him."   (*Id.*, ¶ 94;

*see also* ECF No. 40-2 ¶ 7; ECF No. 40-3 ¶ 9).   Officer Brown

"stopped right behind [Mr. Horowitz] and when he looked up, still

holding his mail, in full view of his neighbors, [Officer] Rosales

was tackling him head on and repeatedly yelling 'Horowitz you

mother f---er.'"   (ECF No. 38, ¶ 94).   Officer Brown handcuffed

---

[1]  Mr. Horowitz advances this allegation in an amended
complaint. (ECF No. 38).  Initially, Cathy Horowitz and Elizabeth
Horowitz (Robert and Cathy's daughter) were also plaintiffs in
this action.   Robert, Cathy, and Elizabeth Horowitz filed suit
against the MCSO, seven MSCO officers (including Officers Brown
and Rosales), Selzer, and two Selzer attorneys. (ECF No. 1).  An
earlier memorandum opinion outlines the procedural history of this
case.   (ECF No. 36, at 2-4).   Ultimately, the court dismissed
Elizabeth Horowitz's claims against Selzer and the Selzer
attorneys (ECF No. 30, at 11-16), dismissed Cathy Horowitz's claims
against the MCSO and the seven MCSO officers (ECF No. 30, at 6-
11), and denied Cathy Horowitz's motion to amend the complaint to
state an excessive force claim against Officers Brown and Rosales
(ECF No. 36, at 6-7).   Thus, Robert Horowitz is the sole remaining
plaintiff and Officers Brown and Rosales are the remaining two
defendants.

Mr. Horowitz tightly.  (*Id.*, ¶ 95).  Mr. Horowitz "had deep bruises on his left arm and [sore] wrists from the arrest, which also triggered his . . . heart condition[.]"  (*Id.*, ¶ 99).

## II.  Procedural Background

Plaintiff's amended complaint was filed on September 4, 2020. (ECF No. 38).  Defendants filed a motion for extension of time to file a response to Plaintiff's amended complaint on September 16, 2020.  (ECF No. 39).  Before the court ruled on the motion for extension of time, Defendants filed a timely motion for summary judgment on September 25, 2020.  (ECF No. 40).  The motion for extension of time will therefore be denied as moot.  Plaintiff responded in opposition to Defendants' motion for summary judgment on October 23, 2020 (ECF No. 42), and Defendants replied on November 5, 2020 (ECF No. 43).

## III. Standard of Review

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (2001).  The existence of only a "scintilla of evidence" is not enough to defeat a motion for

summary judgment.   *Anderson*, 477 U.S. at 251-52.   Instead, the evidentiary materials must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*   The facts are to be taken in the light most favorable to the party opposing summary judgment, the non-moving party.

## IV.   Analysis

Plaintiff alleges that Defendants used excessive force when they arrested him.   Defendants argue that they are entitled to qualified immunity and that summary judgment is therefore appropriate.

"Qualified immunity shields police officers who commit constitutional violations from liability when, based on 'clearly established law,' they 'could reasonably believe that their actions were lawful.'"   *Estate of Jones v. City of Martinsburg*, 961 F.3d 661, 667 (4th Cir. 2020) (quoting *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 537-38 (4th Cir. 2017)).   The qualified immunity analysis requires courts to conduct a two-step inquiry, asking, in either order: "(1) whether a constitutional violation occurred; and (2) whether the right was clearly established at the time of the violation[.]" *Id.*   Defendants argue that no constitutional violation occurred and, even if a constitutional violation did occur, the law was not clearly established at the time of the violation.   (ECF No. 40-1, at 6-12).

A.    Constitutional Violation

Plaintiff alleges that Defendants used excessive force when they arrested him, in violation of the Fourth Amendment to the United States Constitution.  "The Fourth Amendment prohibits law enforcement officers from using excessive or unreasonable force in the course of making an arrest or otherwise seizing a person." *Betton v. Blue*, 942 F.3d 184, 191 (4th Cir. 2019).  To determine whether law enforcement officers used excessive force, courts "consider the facts 'from the perspective of a reasonable officer on the scene,' without the '20/20' vision of hindsight.'"  *Hupp v. Cook*, 931 F.3d 307, 321 (4th Cir. 2019) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).  Courts therefore "do not consider the officer's intent or motivation, [but] ask whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force[.]"  *Hupp*, 931 F.3d at 321-22 (citations and quotation marks omitted).  There are several factors to consider, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Pegg v. Herrnberger*, 845 F.3d 112, 120 (4th Cir. 2017) (quoting *Graham*, 490 U.S. at 396).

Defendants argue that their use of force was reasonable.  (ECF No. 40-1, at 7-10).  They concede that "the first factor, the

severity of the crime, goes to [Plaintiff because] he was arrested on a body attachment order" but contend that "the remaining three factors support the minimal amount of force used in the arrest." (*Id.*, at 7-8).   The chief flaw with Defendants' argument is their repeated failure to construe the evidence in the light most favorable to Plaintiff.   They assert that Plaintiff "attempted to evade arrest[,]" that they "were concerned about their safety should [Plaintiff] gain access to his home, where he could have a weapon[,]" and that Plaintiff's injuries were minor.  (*Id.*, at 8). Although the affidavits of Officers Brown and Rosales support these assertions, there is a genuine dispute of material fact because Plaintiff's affidavit does not.   (Compare ECF No. 40-2 ¶¶ 6-12 and ECF No. 40-3 ¶¶ 8-14 *with* ECF No. 42-1 ¶¶ 42-1).[2]

Construing the facts in Plaintiff's favor, Officer Rosales immediately tackled Plaintiff to the ground.   (ECF No. 42-1 ¶¶ 4-5).   While lying facedown on the ground, Plaintiff's "left arm was pinned under [his] body and [his] right arm remained outstretched[.]"   (*Id.* ¶ 6).     Officer Rosales then "dug [Plaintiff's lower left arm out from underneath [him] and [Officer] Brown easily pulled [his] right arm down and handcuffed [him] very

---

[2] Defendants' reply brief raises objections to portions of Plaintiff's affidavit that are not necessary to resolve the pending motion for summary judgment.  (ECF No. 42, at 3-4).   The court therefore need not resolve the objections now.

tightly[.]"  (*Id.*, ¶ 7).[3]  As explained in the earlier memorandum

opinion denying in part and granting in part Plaintiff's motion

for leave to amend, "[t]ackling a non-threatening, non-resisting

individual to the ground does allege a Fourth Amendment excessive

force claim[]" and "handcuffs applied too tightly can amount to

excessive force in some circumstances[.]"  (ECF No. 36, at 10-12).

Defendants' arguments that tackling and handcuffing Plaintiff does

not constitute excessive force here rely on their characterization

of Plaintiff as "uncooperative" and noncompliant.  (*See* ECF No.

40-1, at 9 ("The limited amount of force it took to stop the

uncooperative [Plaintiff] from fleeing and to arrest him was

reasonable."); *id.* at 10 ("[H]andcuffing was necessary because

[Plaintiff] demonstrated, when he tried to flee and when he

resisted arrest, that he would not comply with the [Defendants']

orders.")).  Genuine disputes of material fact preclude summary

judgment on the first prong of the qualified immunity analysis.

**B.   Clearly Established Law**

Defendants argue that even if tackling and handcuffing

Plaintiff violated his "Fourth Amendment rights against excessive

force, qualified immunity protects [them] because the rights were

not clearly established at the time of the arrest."  (ECF No. 40-

---

[3]  The parties dispute which officer or officers placed
handcuffs on Plaintiff, but there are no explicit allegations that
Officer Brown took part in taking Plaintiff to the ground.

1, at 11-12).  They focus, however, not on the tackling but on the handcuffing.  (*Id.* ("But, even if . . . handcuffing [Plaintiff] *did* violate his Fourth Amendment rights, [Defendants] would be entitled to qualified immunity . . . because [Plaintiff] was arrested in August 2016, and the [United States Court of Appeals for the Fourth Circuit] held that the right for a 'calm, compliant' subject not be handcuffed was not clearly established until it issued its opinion in [*E.W. by and through T.W. v. Dolgos*, 884 F.3d 172 (4th Cir. 2018)] in February 2018."); *see also* ECF No. 43 ("Yet even if . . . a constitutional violation occurred during [Plaintiff's] arrest, qualified immunity still applies to the handcuffing claim[.]")).

Defendants make no argument regarding the second prong of the qualified immunity analysis for Plaintiff's excessive force claim based on tackling.  Summary judgment will therefore be denied with respect to Plaintiff's excessive force claim based on tackling. Defendants are correct, however, that the Fourth Circuit held that the law regarding handcuffing a calm, compliant individual was not clearly established until February 2018.  *E.W. by and through T.W.*, 884 F.3d at 186-87 ("[W]e cannot conclude that it would have necessarily been clear to a police officer that handcuffing [the plaintiff] would give rise to a Fourth Amendment violation.  We emphasize, however, that our excessive force holding is clearly established for any future qualified immunity cases involving

similar circumstances.").  Summary judgment will be granted with respect to Plaintiff's excessive force claim based on handcuffing.

## V.   Conclusion

For the foregoing reasons, the motion for summary judgment will be denied in part and granted in part.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
